**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COYOTE LOGISTICS, LLC, on its own behalf and as assignee and subrogee of United Natural Foods,<br><br>            Plaintiff,<br><br>  v.<br><br>MWVTRUCKING, INC d/b/a MWV TRUCKING, INC. a New York Corporation,<br><br>            Defendant. | Court No.:<br><br>Judge:<br><br>**Jury Trial Demanded** |

## COMPLAINT

NOW COMES the Plaintiff, COYOTE LOGISTICS, LLC ("Plaintiff") by and through its attorneys, ORLEANS CANTY NOVY, LLC, and as and for its Complaint against Defendant, MWVTRUCKING, INC d/b/a MWV TRUCKING, INC. ("MWV Trucking, Inc.") states as follows:

## THE PARTIES

1. At all times relevant, Plaintiff was a Limited Liability Company authorized by the Federal Motor Carrier Safety Administration ("FMCSA") to arrange for the transportation of freight by motor carrier in interstate and foreign commerce with its principal place of business in Chicago, Illinois.

2. At all times relevant, MWV Trucking, Inc. was a New York corporation and federally authorized motor carrier providing transportation services in interstate commerce throughout the United States with its principal place of business in Walton, New York.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 49 U.S.C. § 14706 as the claim for relief is premised in the liability of a motor carrier transporting freight in interstate commerce and Defendants conduct business in this District.

4. Venue is also appropriate in this District because Plaintiff and MWV Trucking, Inc. entered into a Broker-Carrier Agreement in effect at the time of the incident that requires all legal actions between Plaintiff and MWV Trucking, Inc. to be brought and maintained in Cook County, Illinois. A true and correct copy of the Broker-Carrier Agreement is attached hereto as Exhibit 1.

## THE INCIDENT AND CARGO CLAIM

5. On or about February 4, 2020, Plaintiff, in its capacity as a freight broker and on behalf of its customer, United Natural Foods, tendered foodstuffs ("cargo") to MWV Trucking, Inc. for transportation in interstate commerce from Canton, MA to Chesterfield, New Hampshire with as Bill of Lading No. 18675601.

6. At the time the cargo was tendered to, and received by, MWV Trucking, Inc. it was in good order and condition as acknowledged on the Bill of Lading issued for the shipment.

7. Pursuant to the Bill of Lading for the subject shipment, the Carrier acknowledged upon pickup of the foodstuffs that the trailer's refrigeration unit was to be set at -13 degrees Fahrenheit during transportation.

8. Upon arrival in Chesterfield, New Hampshire, the consignee, UNFI, rejected the load for temperature abuse/failure.

9. The value of the cargo, as shown on the damage claim issued by United Natural Foods was $39,594.74

10. Plaintiff paid United Natural Foods, the customer/owner of the cargo, $39,594.74 in exchange for the assignment of all of its rights, title, and interest in the shipment and claim for prosecution and collection of the cargo loss.

### COUNT I- CARMACK AMENDMENT LIABILITY

11. Plaintiff Restates and re-alleges Paragraphs 1-10 as Paragraph 11 as if fully set forth herein.

12. The shipment of the subject cargo involves the transportation of goods by motor carrier in interstate commerce.

13. On or about February 4, 2020, MWV Trucking, Inc. received and accepted the subject cargo in good order and condition and suitable in every respect for the subject transportation.

14. Due to the failure to ship the foodstuffs in a trailer at the required temperature, which resulted in loss to the shipment, MWV Trucking, Inc. failed to deliver the shipment in good order and condition to the consignee.

15. Pursuant to 49 U.S.C. § 14706 (the "Carmack Amendment"), MWV Trucking, Inc., the motor carrier, is liable for damages for the loss to the cargo and consequential damages.

16. Plaintiff, as the assignee of the claim, demanded, and continues to demand, payment for the cargo loss and consequential damages from MWV Trucking, Inc.

17. To date, MWV Trucking, Inc. has failed to remit payment to Plaintiff for $39,594.74.

WHEREFORE, Plaintiff, COYOTE LOGISTICS, LLC respectfully requests this Honorable Court enter Judgment in its favor in the amount of $39,594.74. against Defendant,

MWV Trucking, Inc., plus costs, attorneys' fees, and interest, and for any other relief deemed just under the circumstances.

### COUNT II - BREACH OF INDEMNIFICATION AGREEMENT – IN THE ALTERNATIVE

18. Plaintiff restates and re-alleges Paragraphs 1-10 as Paragraph 18 as if fully set forth herein.

19. At all times relevant, there was a Broker-Carrier Agreement entered into between Plaintiff and MWV Trucking, Inc. *See* Ex. 1.

20. At all times relevant, Plaintiff performed all conditions precedent to the Agreement.

21. Paragraph 12 of the Broker-Carrier Agreement requires MWV Trucking, Inc. to defend and indemnify Plaintiff against all claims, including losses or damages to cargo shipped under the Broker-Carrier Agreement. *See* Ex. 1 at ¶ 12.

22. Plaintiff demanded, and continues to demand, that MWV Trucking, Inc. indemnify Plaintiff in the amount of $39,594.74.

23. MVW Trucking, Inc. is in breach of its agreement with Plaintiff, by failing to indemnify Plaintiff.

WHEREFORE, Plaintiff, COYOTE LOGISTICS, LLC respectfully requests this Honorable Court enter Judgment in its favor in the amount of $39,594.74 against Defendant, MWV Trucking, Inc. plus costs, attorneys' fees, and interest, and for any other relief deemed just under the circumstances.

Dated this 17th day of November, 2021

Respectfully Submitted,

Plaintiff, COYOTE LOGISTICS, LLC

/s/ Jason Orleans

                                                    One Of Its Attorneys
                                      ORLEANS CANTY NOVY, LLC

Jason Orleans
Orleans Canty Novy LLC
65 E. Wacker Place #1220
Chicago, IL 60601
P: (847) 625-8200
F: (847) 625-8262
Service@ocnlaw.com